No. 3396

Second Circuit

HAMMONS v. SOUTHERN INTERNATIONAL PAPER CO.

(December 19, 1928. Opinion and Decree.)
(March 12, 1929. Rehearing Refused.)

Smith and McGregor, of Monroe, attorneys for plaintiff, appellant.

Madison and Madison, of Bastrop, attorneys for defendant, appellee.

## STATEMENT OF THE CASE.

REYNOLDS, J. This is a suit under the Workmen's Compensation Act. Plaintiff alleges that while employed by defendant at a weekly wage of $30.00 his right arm was accidentally broken in the course of his employment and that in consequence he is permanently partially disabled and is now only able to earn $18.00 a week, and he prays for judgment for compensation of 65% of the difference between his present earning capacity and the wages he was able to earn at the time of the injury, or $7.80 a week, for 300 weeks, with legal interest on each weekly payment from its maturity until paid, beginning February 6, 1927, less a credit of $244.80 already paid.

Defendant admitted the employment and accidental injury and denied that plaintiff was partially disabled or that his ability to earn wages had been diminished by the injury and alleged that he had fully recovered from his injury and was able to perform as much labor and earn as much money as at the time of the injury.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant for 65% of $6.00 a week during a period of 200 weeks, beginning September 28, 1926, less $288.80 already paid by defendant to plaintiff.

From this judgment the plaintiff appealed.

## OPINION.

The facts proved and admitted show that plaintiff suffered an injury to his right arm which left his elbow impaired, and the only serious contention for the court to decide is the amount of compensation he is entitled to.

At the time of the injury he was earning $30.00 a week, and if he had lost the arm he would have been entitled to 65% of this amount during 200 weeks.

Act No. 85 of 1926, section 8, subsection 1, clause (d), paragraph 6.

But his injury only resulted in permanent partial loss of use of function of the arm.

Doctor George W. Wright testified:

"Q. You were the attending physician in the case of Marcus Hammons, injured employee, of the International Paper Company?

"A. Yes, sir.

"Q. Have you examined Mr. Hammons recently?

"A. Yes, sir.

\* \* \*

"Q. What is your opinion as to the percentage of disability of that arm in its present condition?

"A. Well, considering the fact that the whole arm is taken as 100 per cent—33⅓ in the shoulder, 33⅓ in the elbow, and 33⅓ in the wrist, it is only possible for him to be injured in one-third of his arm capacity; and of the possible 160 degrees of function in the elbow, he has one-third of it well present, 35 degrees.

"Q. Working it out on that basis, what would the real disability in the arm be?

"A. Well, it would be about two-thirds of one-third; between seventeen and twenty per cent.

"Q. Do you think that twenty per cent

would be the maximum disability to his arm?

"A. Yes, sir.

"Q. And the minimum disability would be somewhere around seventeen per cent?

"A. Between fifteen and seventeen per cent.

"Q. What is your opinion as to the possibility of any increase or decrease in that present disability?

"A. I think his present disability will become materially minimized as a result of usage; just how long it will take to do that, I do not know, but I do know that he will have more flexation in that elbow than he has now, by usage of it."

No other medical expert testified in the case.

Act No. 85 of 1926, section 8, subsection 1, clause (d), paragraph 15, provides:

"In all cases involving a permanent partial loss of the use of function of the member mentioned hereinabove (arm) compensation shall bear such proportion to the amount named herein for the loss of such member as the disability to such member bears to the total loss of the member * * *."

And paragraph 6, of the same section, subsection and clause, provides:

"For the loss of an arm, sixty-five per centum of wages during two hundred weeks."

We are of the opinion of the District Judge, that plaintiff has only lost twenty per cent of the use of function of his arm and that he was only entitled to judgment for twenty per centum of sixty-five per centum of the wages he was earning during a period of two hundred weeks. He was earning $30.00 a week and twenty per centum of sixty-five per centum of that is $6.00. The judgment appealed from allowed him this amount, less $288.88 that, admittedly, he had been paid, and it is therefore right.

Finding no error in the judgment, it is ordered, adjudged and decreed that it be affirmed.